Myrna Vaughan, appellant, v. Hugh J. Vaughan, appellee.

Filed December 11, 1936.   No. 29779.

R. B. Hasselquist and Donald S. Krause, for appellant.

O'Sullivan & Southard and O'Brien & Powers, contra.

Heard before Goss, C. J., Rose, Day, Paine and Carter, JJ., and Chappell, District Judge.

Goss, C. J.

Plaintiff appeals from a judgment denying her the custody of a minor son and dismissing her petition asking such modification of a former award of his custody to a third party.

January 9, 1934, the court decreed an absolute divorce in favor of plaintiff, found that both parties to the suit were fit persons to have custody of their six-year old son, and awarded his custody to an aunt, Mrs. E. E. Linde, until the further order of the court, directing defendant to pay for his maintenance $20 a month. March 12, 1934, plaintiff filed a supplemental petition, asking, among other things, that she be granted the care, custody and control of the child. May 9, 1934, the court decreed that the best interests of the child would be served by remaining in the custody as theretofore awarded. July 7, 1934, appellant filed a petition to modify the decree and prayed that she be given the absolute care, control and custody of the child. October 1, 1935, after a full hearing, the court found that it was for the best interests of the child to remain in the custody of the aunt, denied a modification, dismissed the petition and left the custody of the child with the aunt until the further order of the court.

The evidence shows that May Linde, who is custodian of

the boy, is 37 years old and is a sister of defendant. Her family consists of herself and her husband and three children, all girls, aged 14, 12 and 6, respectively, and of defendant Vaughan. The oldest girl is in high school, the youngest goes to Dundee school and the 12-year old girl takes Jackie (son of the parties hereto) to St. Margaret Mary school, three blocks from where the Lindes live. Mr. Linde is a bookkeeper with fair pay. When Mrs. Linde took custody of Jackie on January 12, 1934, the family promptly moved into the Vaughan home at 619 North Forty-eighth street, Omaha—a four-room house—but on October 1, 1934, they removed into a seven-room house at 705 North Forty-ninth street, where they lived at the time of the hearing in September, 1935. There was complaint by plaintiff in the evidence that the quarters were too small for so large a number in the other house, but that is evidently answered by the fact that the Lindes moved into a larger house.

Plaintiff resides with her mother, Mary Paulsen, who is 65, and a sister who has a position at which she works in the daytime. They live in the north part of the city. All parties seem to contemplate that the child should go to a parochial school. Sacred Heart school is seven or eight blocks from the Paulsen home.

The controlling principles in such cases is that the custody of a child should be placed where the best interests of the child will be conserved. That was determined by the court in the original decree of divorce rendered January 9, 1934, when the custody was awarded to Mrs. Linde. It was again so decreed on May 9, 1934. The question was tried and decided for the third time when on October 1, 1935, the court decreed that it was for the best interests of this minor child that he remain in the custody of Mrs. Linde until the further order of the court.

While we try such appeals de novo, the judgment of the trial court, who saw and heard the witnesses and who by frequent appearances of the parties has become more or less familiar with them and their atmosphere, is entitled to be considered. From the evidence we do not find that

conditions have changed since the award of custody was made in the first instance. Both parents seem to be worthy of the custody of the child, and, in the circumstances of the severance of the marriage tie, it is fortunate that this minor child has been placed by the court in so excellent a home where there are other children and such a good environment. We think the judgment of the district court should be affirmed and that the custody should not be disturbed until the further order of the trial court.

This being the first and only appeal of plaintiff, we allow the sum of $75, to be taxed to the appellee as costs as a fee for her attorneys in this court.

The judgment is

AFFIRMED.